IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA OLUWA,

    Plaintiff,    No. CIV S-05-2313 ALA P

    vs.

M. PEREZ, et al.,    <u>ORDER</u>

    Defendants.

_____/

Plaintiff Ras Adisa Gamba Oluwa is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Board of Prison Term ("BPT") denied his request for a term setting hearing in violation of his rights under the Fourteenth Amendment of the United States Constitution.

Before this Court is Defendant M. Perez's Motion for Judgment on the Pleadings, filed May 4, 2007, and Defendant M. Perez's Motion for Summary Judgment, also filed on May 4, 2007. For the reasons stated below, the Court grants Defendant's Motion for Judgment on the Pleadings. Defendant's Motion for Summary Judgment is moot.

**I**

Plaintiff is serving a sentence of 15-years to life for second degree murder. In his verified complaint, he alleges that in or about August 2004 he requested the BPT "to perform his overdue term setting hearing which is normally independent of parole consideration hearings pursuant to Chairman's Directive No. 75/30." Compl. at ¶ IV. He

claims that, although "such hearings were given to other 2nd degree murders," the BPT declined his request. *Id.* Plaintiff seeks declaratory relief that the BPT's denial of his request for a term setting hearing violates his equal protection and due process rights under the Fourteenth Amendment. *Id.* Plaintiff also seeks a permanent injunction ordering the BPT to grant him "an immediate term setting hearing in accordance with no. 75/30 without reference to parole suitability." *Id.*

On November 28, 2007, this Court granted Defendant's request for judicial notice of documents filed in *Oluwa v. Director of California Department of Corrections, et al.*, Case No. 2:04-CV-0233 MCE GGH P ("*Oluwa I*").[1] Plaintiff filed the complaint in *Oluwa I* in the United States District Court in the Eastern District of California on January 29, 2004. In the *Oluwa I* complaint, Plaintiff sought, among other relief, "an order commanding the Director of the Department of Corrections to transmit sentencing records to the Board of Prisons Terms with notification that the Board (BPT) is to conduct a 'distinct' term-setting hearing for [Plaintiff]." Req. for Judicial Notice, Ex. A (Compl. at ¶ V).

The *Oluwa I* court granted defendant's motion for summary judgment on March 22, 2007. Req. for Judicial Notice, Ex. B (findings and recommendations), Ex. C (order adopting findings and recommendations). The *Oluwa I* court explained the issue:

> Plaintiff maintains that he has a right to a distinct term-setting hearing without consideration of suitability under a 1975 directive of the CDCR Director . . . Defendant asserts that plaintiff has no independent rights under the 1975 directive (as plaintiff describes it, Chairman's Directive 75/30), including any right to a distinct term-setting hearing outside the parole hearing process . . . [because] that Directive 75/30 is an outdated and

---

[1] On November 28, 2007, this Court also granted Defendant's request for judicial notice of the California Department and Corrections and Rehabilitation ("CDCR") web page outlining the various Divisions and Boards under the purview of the CDCR.

        obsolete CDC provision that does not apply to plaintiff's sentence and therefore does not create an independent right to a hearing beyond the established parole rights and procedures afforded to life prisoners under state law.

Req. for Judicial Notice, Ex. B at 7:17-24, 8:16-19.  The *Oluwa I* court ruled that plaintiff's claim was without merit, in part, because plaintiff's crime and sentence occurred after 1977 and the "provisions of Chairman's Directive 75/30 plainly apply to the setting of primary terms on indeterminate sentences imposed for felonies committed prior to July 1, 1977." *Id.* at 9:24-25, 10:11-11:9.

## II

In the instant case, the Defendant filed a Motion for Judgment on the Pleadings on the ground that this case is duplicative to *Oluwa I*.  Specifically, Defendant argues that Plaintiff's "present lawsuit involves the same subject matter, at the same time, in the same court, and against the same defendant" as in *Oluwa I*.  Mot. for J. on the Pleadings at 3:19-22.  Plaintiff contends that the instant case is not duplicative because *Oluwa I* "did not assert identical claims for relief, against parties in privy to one another, and has not received a final judgment on the merits." Opp'n to Mot. for J. on the Pleadings at 2:6-8.

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "'A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999) (citations omitted).  The court must assume the truthfulness of the material facts alleged in the complaint. All inferences reasonably drawn from these facts must be construed in favor of the responding party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church*, 887 F.2d 228, 230 (9th Cir.1989).

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(d).  However, when considering a motion

for judgment on the pleadings, a district court "may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen.*, 189 F.3d at 981 n.18 (9th Cir. 1999) (citations omitted).[2]

The Ninth Circuit Court of Appeals recently held that the proper remedy for duplicative litigation is dismissal. *See Adams v. Cal. Dept. of Health Services*, 487 F.3d 684 (9th Cir. 2007), *cert. denied*, — S. Ct. —, 2007 WL 2945087 (Dec. 10, 2007) (upholding the district court's dismissal with prejudice of a duplicative action). Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688. "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Id.* "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

### A

The "transaction test" is used to determine whether two actions are the same. *Id.* In applying this test, four criteria are considered: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* (explaining that the "'last of these criteria is the most important'") (citations omitted).

Here, the claims and relief sought in *Oluwa I* arise out of the same transactional nucleus of facts as in the instant case. In both cases, Plaintiff claims his constitutional rights were violated and seeks a term setting hearing, distinct from and without reference to parole suitability, which he claims is mandated by Chairman's Directive 75/30.

---

[2] Thus, here, the Court will consider the allegations in the complaint and the documents which were judicially noticed in the order dated November 28, 2007.

*Compare* Req. for Judicial Notice, Ex. A (Compl. at ¶ V) *with* Compl. at ¶ V. The only difference between the two suits is that in *Oluwa I* Plaintiff also requested that "the Director of Corrections transmit [Plaintiff's] sentencing records to the Board of Prison Terms." Req. for Judicial Notice, Ex. A (Compl. at ¶ V). However, Plaintiff only requested that those records be transmitted so that BPT would conduct a "distinct" term setting hearing. *Id.*

Because Plaintiff's claims arise out of the same transactional nucleus of facts as asserted in *Oluwa I*, substantially the same evidence would be used in the instant case to determine whether there was infringement on Plaintiff's constitutional due process and equal protection rights. Moreover, the judgment entered in favor of defendant in *Oluwa I* might "be destroyed or impaired by a judgment in the present action." *Adams*, 487 F.3d at 691.

Plaintiff's argument that there was no final judgment in *Oluwa I* is without merit. A final judgment is one that fully and finally determines the entire action with respect to all parties. *United States v. Lee*, 786 F.2d 951, 956 (9th Cir. 1986). The *Oluwa I* court granted the summary judgment in favor of defendant and ordered that "judgment [was] entered for defendant." Req. for Judicial Notice, Ex. C at 2:5-6. The *Oluwa I* court's order "effectively terminated the district court litigation, sending the parties out of federal court," and, thus, constituted a final judgment. *Lee*, 786 F.2d at 956; *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258-59 (9th Cir. 2004) (holding that the final judgment rule was satisfied where the district court granted summary judgment in favor of defendant and concluded "it so ordered," and plaintiff subsequently moved for relief from judgment).[3]

**B**

The next step in determining whether *Oluwa I* is duplicative of the current action is

---

[3] The Court notes that in *Oluwa I,* Plaintiff filed a Motion to Amend Judgment on April 4, 2007. It appears from the docket that this motion is currently pending.

5

to address whether the parties are the same in both actions. *Adams*, 487 F.3d at 689. In *Oluwa I,* the named defendant was the Director of the California Department of Corrections (now the California Department of Corrections and Rehabilitation, "CDCR"). In the instant case, the named defendant is M. Perez, the Chair of the BPT. Plaintiff's claim that these are not the same parties fail because the defendant in the instant action is "virtually represented" by the defendant in *Oluwa I*. *Id.* at 691.

"Although the concept of privity traditionally applied to a narrow class of relationships . . . we have expanded the concept to include a broader array of relationships which fit under the title of 'virtual representation.'" *Id.* (citations omitted). "The necessary elements of virtual representation are an identity of interests and adequate representation. Additional features of a virtual representation relationship include 'a close relationship, substantial participation, and tactical maneuvering.'" *Id.* (citations omitted)

Here, the CDCR "oversees the activities of its boards and divisions," one of which is the Board of Parole Hearings ("BPH") which was formerly the BPT. Req. for Judicial Notice, Ex. D. Furthermore, in *Oluwa I*, Plaintiff sued the CDCR for the purpose of directing the BPH to set a term setting hearing. Thus, the CDCR, the defendant in *Oluwa I*, and the BPH, the defendant in the instant case, have a "close relationship" and their interests "are aligned" with each other. *Adams*, 487 F.3d at 691-92 (holding that agency was in "privity with" and "virtually represented" new defendants added to subsequently filed action because new defendants' interests aligned with agency's interests).

Because the claims, the relief sought, and the parties are the same in *Oluwa I* as here, this case is duplicative. Therefore, Defendant's Motion for Judgment on the Pleadings is granted and the case is dismissed. No leave to amend will be permitted. The deficiencies of Plaintiff's claims against the Defendant cannot be rectified through amendment. *See Adams*, 487 F.3d at 692 (upholding the district court's dismissal with prejudice of a duplicative action); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992) ("A district court does not err in denying leave to amend where

the amendment would be futile.").

## III

Because Defendant's Motion for Judgment on the Pleadings is granted, Defendant's Motion for Summary Judgment is moot. It is, therefore, unnecessary to address this motion.[4]

In accordance with the above, IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings is granted and the case is dismissed with prejudice.

/////

DATED: December 19, 2007

                         /s/ Arthur L. Alarcón
                         UNITED STATES CIRCUIT JUDGE
                         Sitting by Designation

---

[4] The Court notes that the arguments which are set forth in the Motion for Summary Judgment, and in Defendant's opposition to the motion, are the same as those which the *Oluwa I* court addressed. In the instant case, Defendant argues that, as a matter of law, Plaintiff is not entitled to a distinct term setting hearing because the Chairman's Directive 75/30 "is inapplicable to Plaintiff's sentence." Mot. for Summ. J. at 2:7. Plaintiff claims that "has a right to a 'distinct' term-setting hearing outside the parole suitability hearing process as given to other second degree murders." Opp'n to Mot. for Summ. J. at 1:19-20. The *Oluwa I* court addressed this issue and ruled that:

> Plaintiff's claim that the is entitled to a term-setting hearing, pursuant to a superannuated Chairman's Directive, absent a finding of suitability for parole by the BPH, is without merit; that directive has no application to plaintiff. Defendant correctly states that plaintiff's indeterminate sentence is governed by Cal. Penal Code § 1168(b), and the only procedure for plaintiff to obtain a fixed date for release is through the action of the BPH.

Req. for Judicial Notice, Ex. B at 11:3-8 (citing Cal. Penal Code § 3040; Cal. Code Regs. tit. xv, § 2000(b)(10)).